FILED
 2017 Feb-09  AM 08:52
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JERMAINE HALL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.  2:15-CV-8010-SLB |
| ) | Crim. Case No. 2:12-CR-0391-SLB-JHE |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion Pursuant to 28 U.S.C. §1651[1] and 28 U.S.C. § 2255 for Newly Discovered Evidence to Vacate, Set Aside, or Correct a Sentence in the Interest of Justice [hereinafter "Motion to Vacate"], (doc. 1; crim. doc. 20),[2] and Motion Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(1) & (c) for Reduction of Sentence by a Person in Federal Custody [hereinafter "Motion to Reduce

---

[1]Hall asks the court "to issue a writ of *audita querela* or all writs necessary or appropriate in aide of [its] jurisdiction."  (Doc. 1.)  "Because, in the instant case, [Hall] is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255," not § 1651, the All Writs Act.  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)("[W]e hold that a writ of *audita querela* may not be granted when relief is cognizable under § 2255."); *see also Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

[2]Citations to documents in the court's record in Hall's Motion to Vacate appear as "(Doc. __)."  Citations to documents in the court's record in the criminal proceedings against Hall Case No. 2:12-CR-0391-SLB-JHE, appear as "(Crim. Doc. __)."  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

Sentence"], (crim. doc. 19), filed by Jermaine Hall. The Government filed a Motion to Dismiss the Motion to Vacate, (doc. 4), to which Hall filed a Response, (doc. 7), and a First Amended 28 U.S.C. § 2255 (f)(3) Motion [hereinafter "Amended Motion to Vacate"], "seek[ing] relief from his predicate conviction, in light of *Johnson* [*v. United States*], 135 S. Ct. 2551 (2015)", (doc. 6). Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that Hall's Motion for Reduction of Sentence, (crim. doc. 19), is due to be denied, the Government's Motion to Dismiss, (doc. 4), is due to granted and Hall's Motion to Vacate, (crim doc. 20; doc. 1), and his Amended Motion to Vacate, (doc. 6), are due to be denied.

## I. BACKGROUND

In August 2012, petitioner Jermaine Hall was indicted on three counts of "knowingly, intentionally, and unlawfully distribut[ing] a mixture and substance containing a detectable amount of heroin, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)." (Crim. doc. 6.) He subsequently agreed to plead guilty to all counts. (Crim. doc. 11 at 1 [sealed].) The court accepted his plea, finding it freely and voluntarily entered. (Crim. doc. 21 at 16.)

The Probation Office prepared a Presentence Investigation Report [hereinafter "the Report"]. (Doc. 1-1.) The Report indicated two prior convictions for "controlled substance offenses." (*Id*. at 4-5, 24 [citing U.S.S.G. § 4B1.1].) At sentencing, the court found, *inter alia*, that Hall's prior state-court conviction for first degree marijuana possession other than

2

for personal use³ was a controlled substance offense under the Sentencing Guidelines in light of Eleventh Circuit decisions *United States v. Coleman*, 464 Fed. Appx. 832 (11th Cir. 2012), and *United States v. Robinson*, 583 F.3d 1292 (11th Cir. 2009). (Crim. doc. 22 at 9-10.) Thus, Hall was considered a career offender under the Sentencing Guidelines. (*Id*. at 10.)

The court sentenced Hall to a term of imprisonment of 151 months on each of the three Counts of the Indictment, with the sentences to be served concurrently. (Crim. doc. 17 at 2.) Judgment was entered on August 9, 2013. (*Id*. at 1.) Hall did not appeal.

On April 20, 2015, Hall filed a Motion to Reduce Sentence, (crim. doc. 19), and a Motion to Vacate, (crim. doc. 20; doc. 1). The Government moved to dismiss his Motion to Vacate as untimely. (Doc. 4.) Thereafter, Hall filed a Response to the Motion to Dismiss and an Amended Motion to Vacate, alleging a *Johnson* claim.⁴

---

³Ala. Code 13A-12-213(a)(1)("A person commits the crime of unlawful possession of [marijuana] in the first degree if, except as otherwise authorized: (1) He or she possesses [marijuana] for other than personal use . . . .").

⁴*Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act ["ACCA"], 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. *Johnson*, 135 S. Ct. at 2563. The Court also held, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*. It did not discuss the definition of "serious drug offense" set forth in § 924(e)(2)(A).

## II. DISCUSSION

**A. MOTION TO REDUCE SENTENCE**

Hall has filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence based on retroactive changes to the Sentencing Guidelines, specifically Amendment 782. He "bears the burden of demonstrating that a retroactive Amendment has actually lowered his guideline range." *United States v. Tellis*, 748 F.3d 1305, 1308 (11th Cir. 2014)(citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

Section § 3582(c)(2) states:

The court may not modify a term of imprisonment once it has been imposed except that –

> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*),[5]

---

[5]Section 994(*o*) states:

The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to

> upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)(footnote added). In its policy statement, the Sentencing Commission has stated, "A reduction in the defendant's term of imprisonment is not consistent with this policy statement[,] and therefore is ***not*** authorized under 18 U.S.C. 3582(c)(2)[,] if – . . . An amendment listed in subsection (d)[6] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. 1B1.10 (a)(2)(B). Accordingly –

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute ***only*** the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and ***shall leave all other guideline application decisions unaffected***.

*Id*. (b)(1)(emphasis added). Thus, for this court to be authorized to reduce Hall's sentence pursuant to § 3582(c)(2), it must first determine whether Amendment 782 had the effect of lowering his Sentencing Guidelines range. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000)("In undertaking this first step, only the amended guideline is changed. All other

---

be warranted, and otherwise assessing the Commission's work.

28 U.S.C. § 994(*o*).

[6]Amendment 782 is included in subsection (d) of § 1B1.10.

5

guideline application decisions made during the original sentencing remain intact.")(citing *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998)(citing U.S.S.G. § 1B1.10 (b), comment n.2))

Applying the Sentencing Guidelines currently in effect, considering the changes in Chapter 2 (Offense Conduct) calculations in light of Amendment 782, the court finds Base Offense Level is 22; prior to the Amendments, the Base Offense Level was 24. The Amendment did not affect any other finding of the Report; specifically, the Amendment did not affect the calculation of Hall's career-offender enhanced sentence. *United States v. Cockett*, 655 Fed. Appx. 800, 801 (11th Cir. 2016)("Amendment 782 — which is listed in § 1B1.10(d) — therefore may serve as the basis for a sentence reduction. *Id*. § 1B1.10(d)." However, §3582(c)(2) only authorizes a reduction to sentences that were 'based on' sentencing ranges that were subsequently lowered. . . . [B]ecause the defendants . . . were sentenced as career offenders under § 4B1.1, they were ineligible for relief, since only their base offense levels, but not their guideline ranges, were impacted by the retroactive guideline amendment." (citing *United States v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008))).[7]

The maximum statutory penalty under § 841(b)(1)(C) is 20 years; therefore, Hall's Guidelines Offense Level as a career offender is, and at the time of sentencing was, 32. U.S.S.G. § 4B1.1(b)(1). With a 3-level reduction for acceptance of responsibility, his

---

[7]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

offense level is, and at the time of sentencing was, 29. As a career offender, Hall's criminal history category is, and at the time of sentencing was, VI. Therefore, the Sentencing Guidelines range for imprisonment is, and at the time of sentencing was, 151 to 188 months. *See* U.S.S.G. Ch. 5, Pt. A.

Amendment 782 did not change the calculation of Hall's Guidelines range due to his status as a career offender. Therefore, the court has no authority to reduce Hall's sentence pursuant to § 3582(c)(2). His Motion to Reduce Sentence, (crim. doc. 19), will be denied.

## B.  MOTIONS TO VACATE

In his Motion to Vacate, Hall contends:

> Petitioner is presently requesting this Honorable Court to adjudicate all of petitioners allegations at law and claims for relief. [P]etitioner was sentenced to [151] months for this case and his prior case[ ] of possession of marijuana [was] used to enhance his sentence. Petitioner request[s] that his present sentence be vacated, set aside, or corrected in the interest of justice to prevent further miscarriage of justice to petitioner.

(Doc. 1 at 5.) Hall contends that his Motion to Vacate is timely based on "newly discovered evidence of recent Supreme Court decisions altering [the] sentencing process." (*Id*. at 7.) The Government has moved to dismiss his petition as untimely filed. (Doc. 4.) After the Government moved to dismiss his Motion to Vacate, Hall filed his Amended Motion to Vacate. (Doc. 6.)

**1. Motion to Vacate Based on Newly Discovered Evidence, (doc. 1) and Motion to Dismiss, (doc. 4).**

The Government alleges that Hall untimely filed his Motion to Vacate. Section 2255(f) states, "A 1-year period of limitation shall apply to a motion under [§ 2255]. 28 U.S.C. § 2255(f). It also states:

The limitation period shall run from the latest of —

>    (1)  the date on which the judgment of conviction becomes final;
>
>    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Hall contends his Motion to Vacate is based on "newly discovered" Supreme Court cases of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), and, thus, his Motion is timely under §2255(f)(4). (Doc. 1 at 5-7, 9.)

"Since Section 2255(f)(4) is predicated on the date that "*facts* supporting the claim" could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." *Madaio v.*

*United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010)(emphasis in original). Therefore "a court decision in a case not involving the petitioner [does not] constitute a 'fact' for purposes of § 2255(f)(4)." *Newman v. United States*, No. 2:11CV884-MHT, 2014 WL 1047113, at *3 n.13 (M.D. Ala. Mar. 18, 2014)(citing *Madaio*, 397 Fed. Appx. at 569-70; *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir.2006)).

Also, the Eleventh Circuit has held that "neither *Alleyne* nor *Descamps* apply retroactively on collateral review." *King v. United States*, 610 Fed. Appx. 825, 829 (11th Cir.), *cert. denied*, 136 S. Ct. 349 (2015). Therefore, Hall's Motion to Vacate was not timely filed under § 2255(f)(3). *Id*.

The court entered its Judgment in Hall's criminal case on August 9, 2013. (Crim. doc. 17.) Hall did not appeal; therefore, the judgment became final on August 23, 2013. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011)("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." (citing *Mederos v. United States,* 218 F.3d 1252, 1253 (11th Cir. 2000); *Akins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir.2000))). Therefore, pursuant to § 2255(f)(1), Hall had until August 23, 2014, to file a Motion to Vacate pursuant to § 2255. His Motion to Vacate is deemed to have been filed on April 2, 2015. Therefore, his Motion to Vacate was not timely filed.

The court finds that the Government's Motion to Dismiss, (doc. 4), will be granted and Hall's Motion to Vacate, (doc. 1; crim. doc. 20), will be denied.

**2. Amended Motion to Vacate –  *Johnson v. United States*, (doc. 6).**

9

In response to the Government's Motion to Dismiss, the court issued a Order, giving Hall until October 31, 2016, to file his opposition to the Motion to Dismiss. (Doc. 5.) On that date, the court received an envelope both containing Hall's Response to the court's Order, (doc. 7), and his Amended Motion to Vacate, (doc. 6). The Certificate of Service on Hall's Response is dated October 17, 2016; the Certificate of Service for his Amended Motion is dated June 14, 2016.

"Under the 'prison mailbox rule,' [a motion to vacate filed by a prisoner proceeding pro se] is deemed filed on the day it was signed and delivered to prison authorities for mailing. In the absence of other evidence, it is assumed that a § 2255 motion was presented for mailing on the date it is signed." *Askew v. United States*, No. 1:08-CR-204-LSC-TMP, 2014 WL 1233686, *1 n.1 (N.D. Ala. Mar. 25, 2014)(citing *Houston v. Lack*, 487 U.S. 266 (1988); *Washington v. United States*, 243 F.3d 1299 (11th Cir.2001))(internal citations omitted); *see also Jeffries v. United States*, 748 F.3d 1310, 1315 (11th Cir. 2014).

The envelope containing both the Amended Motion to Vacate and the Response indicates that the prison placed the envelope in the mail on October 20, 2016. Hall signed the two documents in the single envelope with grossly disparate dates: (1) the Amended Motion to Vacate is dated June 14, 2016, and (2) the Response to the Government's Motion to Dismiss is dated October 17, 2016. The court also notes that, pursuant to § 2255(f)(3), Hall had until June 27, 2016, to raise a *Johnson* claim;[8] therefore, any *Johnson* claim filed

---

[8]*Johnson* was decided on June 26, 2015. June 26, 2016, was on a Sunday; therefore, claims based on *Johnson* had to be filed on or before June 27, 2016.

after that date is untimely.  Based on these facts, the court finds that "other evidence" clearly and unequivocally establishes that Hall did not place his Amended Motion to Vacate in the prison mail on June 14, 2016, and that he probably placed his envelope containing the Amended Motion to Vacate in the mail around October 17, 2016, the date on the certificate of service for his Response to the Government's Motion to Dismiss.  Therefore, his Amended Motion to Vacate based on the Supreme Court's decision in *Johnson* is untimely and due to be denied.

Nevertheless, even if the court were to deem the Amended Motion to Vacate to be timely, *Johnson* provides no ground for granting Hall the relief he requests.  The Eleventh Circuit "has held that *Johnson* does not apply to sentences that were based on USSG §4B1.1."  *In re Clayton*, 829 F.3d 1254, 1256 (11th Cir. 2016)(citing *United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015)).  Moreover, even if *Johnson* were applicable to the Sentencing Guidelines, Hall's sentence, as a career offender based on his prior convictions for controlled substance offenses, "is not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent felony."  *In re Williams*, 826 F.3d 1351, 1356 (11th Cir. 2016); *see also Gowdy v. United States*, No. 7:16-CV-8023-KOB, 2016 WL 7325711, *2 (N.D. Ala. Dec. 16, 2016)("[E]ven if *Johnson* were to arguably impact the definition of a 'crime of violence' under that residual clause [of the Sentencing Guidelines], that impact would have no bearing on Mr. Gowdy's case because his conviction did not in any way involve a crime of violence.  Mr. Gowdy's career offender status was based on three prior '*controlled substance offenses*.'")(emphasis in original).

Also, the Eleventh Circuit has held that a conviction under Alabama law for possession of marijuana for other than personal use, Ala. Code § 13A-12-213(a)(1), is a controlled substance offense for purposes of the Sentencing Guidelines for a career offender:

> Pursuant to § 4B1.2(b), the term "controlled substance offense" means a felony offense under federal or state law that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance," or possession with intent to do the same. *Id.* § 4B1.2(b). Under the ACCA [Armed Career Criminal Act], the term "serious drug offense" means "an offense under [s]tate law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. §924(e)(2)(A)(ii). Under § 13A-12-213(a)(1), a person commits the crime of unlawful possession of marijuana in the first degree if he possesses marijuana "for other than personal use."
>
> In *United States v. Robinson,* 583 F.3d 1292 (11th Cir. 2009), a case involving the review of § 13A-12-213(a) under the ACCA, we held that a defendant's prior conviction under the statute qualified as a "serious drug offense" within the meaning of the ACCA. 583 F.3d at 1293-96. We explained that a "serious drug offense" is defined as a state law offense, "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." *Id.* at 1294. Upon reviewing the statute, we concluded that "§ 13A-12-213(a)(1) covers distribution offenses." *Id.* at 1295. Noting that the Alabama statute "does not define the phrase 'for other than personal use,'" we concluded that the statute "necessarily punishes possession for someone else's use." *Id.* at 1296. "In other words, [§ ] 13A-12-213 punishes the possession of marijuana with the intent to distribute to another." *Id.*
>
> Research does not reveal, and Craig does not identify, a published opinion from this Court, addressing whether a conviction under § 13A-12-213 qualifies as a "controlled substance offense" within the meaning of § 4B1.2(b). However, in *Goodlow,* the unpublished decision that the district court applied to resolve Craig's objections, we relied on *Robinson* in concluding that the "for other than personal use" prong of § 13A-12-213 punishes marijuana with intent to distribute and, as such, it qualified as a controlled substance offense under § 4B1.2(b). *See* [*United States v.*] *Goodlow*, 389 Fed. Appx. [961,] 968 [(11th Cir. 2010)].

> ***Because* Robinson *is binding precedent and establishes that a violation of § 13A-12-213 necessarily punishes possession of marijuana with the intent to distribute, Craig cannot establish that the district court erred in characterizing his prior Alabama conviction as a controlled substance offense under § 4B1.2(b)***. *See Robinson,* 583 F.3d at 1295-96; *Kaley,* 579 F.3d at 1255. Craig's Alabama indictment charged him under the prong of §13A-12-213 that criminalizes possession of marijuana "for other than personal use." Although in the context of the ACCA, we held, in *Robinson,* that a conviction for possession of marijuana "for other than personal use" under § 13A-12-213 covers distribution offenses. *See Robinson,* 583 F.3d at 1295. Thus, Craig's argument on appeal – that his Alabama offense was not a controlled substance offense because the indictment did not specifically allege that he possessed marijuana with intent to manufacture, import, distribute, or dispense marijuana – is unpersuasive. *See id.* Under the Guidelines, the term "controlled substance offense" includes state felony offenses for possession with intent to distribute. U.S.S.G. § 4B1.2(b). As such, applying *Robinson* to the instant circumstances, the district court did not err in determining that Craig had at least one prior conviction for a "controlled substance offense" within the meaning of § 4B1.2(b).

*United States v. Craig*, 520 Fed. Appx. 906, 908-09 (11th Cir. 2013)(emphasis added).

The court finds Hall's prior conviction for first degree possession of marijuana for other than personal use is a "controlled substance offense," under the Sentencing Guidelines, and that *Johnson* is inapplicable. Thus, even if Hall had timely filed a *Johnson* claim, the court's review of his Amended Motion to Vacate and the files and records of his case conclusively show that he is not entitled to relief from his conviction and sentence. *See* 28 U.S.C. § 2255(b).

Based on the foregoing, the court finds that Hall's Amended Motion to Vacate is due to be denied and his Petition dismissed without further notice to the Government.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that Hall's Motion to Vacate and his Amended Motion to Vacate are untimely and without merit, and that he is not eligible for a reduction in his sentence based on Amendment 782 to the Sentencing Guidelines. An Order granting the Government's Motion to Dismiss, (doc. 4), denying Hall's Motion to Vacate, (crim doc. 20; doc. 1), his Amended Motion to Vacate, (doc. 6), and his Motion to Reduce Sentence, (crim. doc. 19), will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . **only** if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Hall is not entitled to habeas relief; reasonable jurists could not disagree. He has not demonstrated that the issues he raises are reasonably debatable and/or deserve encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 8th day of February, 2017.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE